*808
SUMMARY ORDER

Petitioner seeks review of the August 14, 2008 order of the BIA denying his motion to reopen. In re Li Zhuo Chen, No. A98 885 561 (B.I.A. Aug. 14, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A movant’s failure to establish his prima facie eligibility for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
The BIA did not abuse its discretion in denying Petitioner’s motion to reopen because it reasonably found that the record did not demonstrate that he was prima facie eligible for asylum. See Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005). Although Petitioner correctly notes that Roman Catholicism is not officially sanctioned in China, the record indicates that Catholics faithful to the Vatican who worship in unregistered “house churches” “are often tolerated by local authorities.” In addition, the 2007 U.S. State Department International Religious Freedom Report for China (“2007 Religious Freedom Report”) indicates that: the Chinese Constitution provides for “freedom of religious belief’; two of the five official religions in China are Protestantism and Catholicism; the “extent of religious freedom varied widely” within China; “unregistered house churches with hundreds of members met openly with knowledge of local officials”; and “membership in many [unregistei’ed] religious groups was growing rapidly.” Despite Petitioner’s argument that the BIA abused its discretion by failing to consider the evidence in the record, the record demonstrates that the BIA gave “reasoned consideration” to his motion to reopen and made “adequate findings.” See Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted). It was not required to “expressly parse or refute on the record each individual argument or piece of evidence offered.” Id. (internal quotation marks omitted). Under these circumstances, the BIA did not abuse its discretion in denying Petitioner’s motion to reopen for failure to establish prima facie eligibility for relief based on his recent conversion to Catholicism. See Poradisova, 420 F.3d at 78.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS petitioner’s pending motion for a stay of removal as moot.